# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ATLANTIC RECORDING CORPORATION,
UMG RECORDINGS, INC., SONY BMG
MUSIC ENTERTAINMENT, BMG MUSIC,
and ARISTA RECORDS LLC,

                 Plaintiffs,           Case No. 05-C-336

       v.

ERIC ROWE,

                 Defendant.

## OPINION AND ORDER

The parties to this case have stipulated to the dismissal of all claims raised and to an order for a permanent injunction. Therefore, the court ORDERS that this action is dismissed with prejudice. See Federal Rule of Civil Procedure 41(a).

IT IS FURTHER ORDERED that the Clerk of Court shall enter a final judgment as a separate document. See Federal Rule of Civil Procedure 58. This judgment shall provide that:

> Plaintiffs Atlantic Recording Corporation, UMG Recordings, Inc., Sony BMG Music Entertainment, BMG Music, and Arista Records LLC brought this action against Defendant Eric Rowe before the court, the Honorable Thomas J. Curran, District Judge, presiding, and the parties having stipulated to dismissing all claims voluntarily and to the ordering of injunctive relief,
>
> IT IS ORDERED AND ADJUDGED that:
>
> 1. Defendant shall pay to Plaintiffs in settlement of this action the sum of $5,976.00.

2.  Defendant shall pay Plaintiffs' cost of suit (complaint filing fee and service of process fee) in the amount of $274.00.

3.  Plaintiffs allege that Defendant distributed (including by uploading) and/or reproduced (including by downloading) via the Internet or an online media distribution system copyrighted sound recordings owned or controlled by the Plaintiffs, without Plaintiffs' authorization, in violation of 17 U.S.C. § 501.   Without admitting or denying liability, Defendant does not contest Plaintiffs' allegations, and acknowledges that such conduct is wrongful.

4.  Defendant shall be and hereby is enjoined from directly or indirectly infringing Plaintiffs' rights under federal or state law in any sound recording, whether now in existence or later created, that is owned or controlled by Plaintiffs (or any parent, subsidiary, or affiliate record label of Plaintiffs) ("Plaintiffs' Recordings"), including without limitation by:

a)   using the Internet or any online media distribution system to reproduce (i.e., download) any of Plaintiffs' Recordings, to distribute (i.e., upload) any of Plaintiffs' Recordings, or to make any of Plaintiffs' Recordings available for distribution to the public, except pursuant to a lawful license or with the express authority of Plaintiffs; or

b)   causing, authorizing, permitting, or facilitating any third party to access the Internet or any online media distribution system through the use of an Internet connection and/or computer equipment owned or controlled by Defendant, to reproduce (i.e., download) any of Plaintiffs' Recordings, to distribute (i.e., upload) any of Plaintiffs' Recordings, or to make any of Plaintiffs' Recordings available for distribution to the public, except pursuant to a lawful license or with the express authority of Plaintiffs.

Defendant also shall destroy all copies of Plaintiffs' Recordings that Defendant and/or any third party that has used the Internet connection and/or computer equipment owned or controlled by Defendant has downloaded without Plaintiffs' authorization onto any computer hard drive or

2

server owned or controlled by Defendant, and shall destroy all copies of those downloaded recordings transferred onto any physical medium or device in Defendant's possession, custody, or control.

5.  Defendant has been properly and validly served with the Summons and Complaint in this action, and is subject to the jurisdiction of this Court.

6.  Defendant irrevocably and fully waives notice of entry of the Judgment and Permanent Injunction, and understands and agrees that violation of the Judgment and Permanent Injunction will expose Defendant to all penalties provided by law, including for contempt of Court.

7.  Defendant irrevocably and fully waives any and all right to appeal the Judgment and Permanent Injunction, to have it vacated or set aside, to seek or obtain a new trial thereon, or otherwise to attack in any way, directly or collaterally, its validity or enforceability.

8.  Nothing contained in the Judgment and Permanent Injunction shall limit the rights of Plaintiffs to recover damages for any and all infringements by Defendant of any right under federal copyright law or state law occurring after the date Defendant executes this Stipulation to Judgment and Permanent Injunction.

9.  Defendant shall not make any public statements that are inconsistent with any term of this Stipulation to Judgment and Permanent Injunction.

10.  Defendant acknowledges that Defendant has read this Stipulation to Judgment and Permanent Injunction, and the attached Judgment and Permanent Injunction, has had the opportunity to have them explained by counsel of Defendant's choosing, fully understands them and agrees to be bound thereby, and will not deny the truth or accuracy of any term or provision herein. Defendant is at least 18 years old and is otherwise legally competent to enter into this Stipulation to Judgment and Permanent Injunction.

IT IS FURTHER ORDERED AND ADJUDGED

that this action is dismissed with prejudice.

3

Done and Ordered in Chambers at the United States Courthouse, Milwaukee, Wisconsin, this 5th day of May, 2005.


        s/ Thomas J. Curran
        Thomas J. Curran
        United States District Judge

Case 2:05-cv-00336-TJC   Filed 05/05/05   Page 4 of 4   Document 7